IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CABRERA-VALENCIA, | § | |
| #48154-177 | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-1797-K |
| | § | (CRIMINAL NO. 3:14-CR-221-K-5) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

### I. BACKGROUND

In December 2014, Petitioner pled guilty to conspiracy to possess with intent to distribute methamphetamine and, on June 24, 2015, was sentenced to 180 months' imprisonment and a four-year term of supervised release. Crim. Doc. 249; Crim. Doc. 412. Defendant did not pursue a direct appeal. Then on June 27, 2016, Petitioner

filed this timely, *pro se* motion to vacate sentence, seeking relief based on the holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 3 at 2, 7-8. *See also United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016) (finding *Johnson* retroactively applicable to cases on collateral review).

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Here, Petitioner has failed to raise a cognizable issue.

Petitioner's reliance on *Johnson* is misplaced. *Johnson* has no bearing on Petitioner's case, since his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather the Presentence Report (PSR) (which was adopted at sentencing except for an agreed adjustment for role in the offense) calculated Petitioner's adjusted offense level for conspiracy to possess with intent to distribute methamphetamine and the two level

enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1 (the drug trafficking guideline), without reference to the ACCA or U.S.S.G. § 4B1.4. *See* Crim. Doc. 321-1 at 11, PSR ¶¶ 36-43; Crim. Doc. 413 at 1, Statement of Reasons (SOR).

Additionally, even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision of the Sentencing Guidelines, *see Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), as previously noted, Petitioner was not sentenced as a career offender. Thus, his claims are not premised on a penal statute or Sentencing Guidelines provision that contains or incorporates any clauses resembling the ones found unconstitutional in *Johnson*. Therefore, *Johnson* is not applicable in this case.

### III. CONCLUSION

Accordingly, the motion to vacate sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE**.

SO ORDERED.

SIGNED January 12th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE